UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN R. O'DONNELL,

                              Plaintiff,

                           v.                                    5:05-CV-713
                                                                       (FJS/GHL)

UNITED STATES OF AMERICA, EMC
MORTGAGE CORPORATION,
PRINCIPAL RESIDENTIAL MORTGAGE
INC., NEW YORK STATE TAX
COMMISSIONER, and NEW YORK STATE
GOVERNMENT,

                              Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **JOHN R. O'DONNELL**<br>Liverpool, New York 13088<br>Plaintiff *pro se* | |
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James Hanley Federal Building<br>100 South Clinton Street<br>Syracuse, New York 13261-7198<br>Attorneys for Defendant United States | **WILLIAM H. PEASE, AUSA** |
| **REED SMITH LLP**<br>599 Lexington Avenue<br>New York, New York 10022<br>Attorneys for Defendant EMC<br>Mortgage Corporation | **ANDREW B. MESSITE, ESQ.** |

| | |
|---|---|
| **BELKIN BURDEN WENIG & GOLDMAN, LLP**<br>270 Madison Avenue<br>New York, New York 10016<br>Attorneys for CitiMortgage, Inc.<br>as successor-in-interest to<br>Defendant Principal Residential<br>Mortgage, Inc.[1] | **WILLIAM M. RIFKIN, ESQ.** |
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>615 Erie Boulevard West, Suite 104<br>Syracuse, New York 13204<br>Attorneys for Defendants New York<br>State Tax Commissioner and<br>New York State Government | **MARIA MORAN, AAG** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are the following motions: (1) Onondaga County's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and pursuant to Rule 4 of the Federal Rules of Civil Procedure and the *Rooker-Feldman* doctrine for insufficiency of process, *see* Dkt. No. 15; (2) Defendant EMC Mortgage Corporation's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, *see* Dkt. No. 25; (3) Defendant United States' motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, *see* Dkt. No. 30; (4) Defendants New York State Tax

---

[1] The Court notes that its docket shows that Plaintiff served CitiMortgage on behalf of both Defendants Principal Residential Mortgage, Inc. and Reliastar Mortgage Corporation. *See* Dkt. No. 11, Certificate of Service.

Commissioner and New York State Government's (collectively "the State Defendants") motion to dismiss on the ground that the Eleventh Amendment bars the claims against them, *see* Dkt. No. 33; and (5) Defendant Principal Residential Mortgage, Inc.'s[2] motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, *see* Dkt. No. 42.

Plaintiff filed his complaint on June 8, 2005. *See* Dkt. No. 1. The gravamen of Plaintiff's complaint appears to be that the Notice of Lien that the United States Attorney's Office issued against Plaintiff's property was procedurally defective and that a judicial foreclosure sale of certain of his property to EMC Mortgage Corporation on June 22, 2004, was a fraudulent conveyance. As relief for these allegedly wrongful acts, Plaintiff seeks the following:

> 1. Redemption of Brownpath Properties Ltd. in Plaintiff's and Carol O'Donnell's names without mortgage or tax deficit (both NYS & Federal).
>
> 2. Restoration of personal belongings (totalling [sic] $60,000).
>
> 3. Financial reparation, $40,000, for damages done to Brownpath Properties Ltd. during United States occupation.
>
> 4. $296,000 credit toward Restitution Order under 18 § 3663 as if Tax Lien had been procedurally correct.

*See* Complaint, Dkt. No. 1, at WHEREFORE Clause.

These motions need not detain the Court for long because a review of the complaint demonstrates that Plaintiff cannot maintain his claims against any of the movants. Moreover, the Court notes that Plaintiff responded only to the motions of Onondaga County and the State

---

[2] CitiMortgage, Inc. moves for this relief as successor-in-interest to Defendant Principal Residential Mortgage, Inc.

Defendants; and, in his response to the State Defendants' motion, he conceded that "[n]o claim is made against New York State . . ." *See* Plaintiff's Response to the State Defendants' Motion at (unnumbered) 2.[3] Nonetheless, the Court will discuss the motions of Onondaga County, Defendant EMC and Defendant United States briefly.[4]

---

[3] Since Plaintiff acknowledges that he has no claim against the State Defendants and, in any event, the Eleventh Amendment would bar any such claim, the Court grants the State Defendants' motion to dismiss Plaintiff's claims against them.

[4] Although it is difficult to discern the exact nature of Plaintiff's arguments, the Court notes that, in his response to Onondaga County's motion, he appears to concede that, **at this time**, he has no claim against any of the named Defendants or Onondaga County. Specifically, he states that

> Syracuse Northern District Federal Court has jurisdiction pursuant to 28 § 1340 via IRS statute 26 § 7425(a) and other pertinent IRS statutes to conduct Quiet Title action under 28 § 2410.
>
> However if **no Tax Lien exists** the Syracuse Northern District Federal Court is without jurisdiction for **Redemption**.

*See* Plaintiff's Response to Onondaga County's motion at (unnumbered) 4.

He further explains that he

> has proven by non existence of Tax Lien that Syracuse Federal District Court is without jurisdiction of IRS statutes for **Redemption** of Brownpath Property Ltd. under 28 § 2410 where IRS Federal Tax Lien Office . . . has again denied the existence of any Tax Lien by IRS in Plaintiff's name.
>
> Plaintiff has filed a Petition in US Tax Court asking for Dismissal of Tax Lie [sic], Dismissal of Complaint, and Reversal of NYS Judicial Foreclosure Sale.

*See id.* at (unnumbered) 5-6.

Finally, Plaintiff asserts that "while a claim has properly been stated of 'res judicata' by

(continued...)

## II. DISCUSSION

A. **Onondaga County's motion to dismiss**

On or about July 21, 2005, Plaintiff served the summons and complaint on Onondaga County Real Property Tax Director Karen Carney. *See* Affidavit of Karen A. Bleskoski, sworn to August 4, 2005 ("Bleskoski Aff."), at ¶ 5. Neither the summons nor the complaint names Onondaga County or Karen Carney as Defendants in the caption, although Ms. Carney's name is listed under "Defendant's Addresses" on the first page of the complaint. *See id.* at ¶ 6; *see* Dkt. No. 1. Thus, Onondaga County seeks dismissal of the complaint for insufficiency of service.

Alternatively, Onondaga County argues that Plaintiff's complaint does not contain any allegations against Onondaga County or any of its departments or employees. *See* Bleskoski Aff. at ¶ 8. Nor does Plaintiff make any demands for judgment against the County of Onondaga, its departments or employees. *See* Onondaga County's Memorandum of Law at 1. Therefore, Onondaga County seeks dismissal of the complaint for failure to state a claim upon which relief can be granted.

In response, Plaintiff claims

> that service has been correctly effected upon Onondaga County
> Real Property Director Karen Carney who is in charge of
> delinquent property taxes and where Onondaga County has been
> properly identified in Item #6 of the Complaint for failing to file a
> procedurally correct Tax Lien Judgment pursuant to NYS
> McKinney's Rules and in Item #11(b) & E-16 of Complaint where

---

[4](...continued)
Onondaga County Clerk to any future claims of delinquent taxes it is for naught if Federal District Court lacks IRS jurisdiction for **Redemption** which cannot occur without a filed Tax Lien under the IRS jurisdiction.

*See id.* at 6.

>> delinquent property taxes were noted and relinquished by IRS seizure where Karen Carney is in charge of delinquent property taxes . . . .

*See* Plaintiff's Response to Onondaga County's motion at (unnumbered) 1.

Furthermore, Plaintiff appears to argue that, because he listed the State Defendants in the caption of his complaint and because "NYS Government is inclusive of Onondaga County Government . . . and where Onondaga County Clerk was primary source of erroneous document . . . Service is . . . correct . . . ." *See id.* at (unnumbered) 2.

As Onondaga County correctly points out in its reply, "the County of Onondaga is a separate municipal entity from the State of New York for purposes of lawsuits . . . [and] New York State County Law § 51 clearly states that 'actions or proceedings by or against a county shall be in the name of the county.'" *See* Onondaga County's Reply at 1.

Despite Plaintiff's contentions to the contrary, naming the State Defendants in the caption of his complaint and, thereafter, mentioning Onondaga County and Ms. Carney in the body of his complaint does not adequately identify them as Defendants in this action. Moreover, even if the Court were to assume that service was proper, the only relief that Plaintiff appears to seek against Onondaga County relates to "future claims of delinquent taxes," which Plaintiff concedes "is for naught" if there is no tax lien. *See* Plaintiff's Response to Onondaga County's motion at (unnumbered) 6.

Based upon these facts, the Court concludes that there is "'no set of facts in support of [Plaintiff's] claim[s] [against Onondaga County and Karen Carney] which would entitle him to relief.'" *Harris v. McGinnis,* No. 02 Civ. 6481, 2004 WL 2187137, *2 (S.D.N.Y. Sept. 30, 2004) (quotation and other citation omitted). Accordingly, the Court grants Onondaga County's motion

to dismiss Plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.      Defendant EMC Mortgage Corporation's motion to dismiss**

Defendant EMC asserts that the issues and claims that Plaintiff raises in his complaint have already been adjudicated against Plaintiff in a New York State Court foreclosure action that EMC instituted." *See* Defendant EMC's Memorandum of Law at 1. Therefore, Defendant EMC argues that,

> [b]ecause [Plaintiff] is now attempting to raise issues previously raised or which could have been raised in the New York State court foreclosure action between the parties, and because [Plaintiff], in fact, appeared, answered, and made numerous unsuccessful motions in the state foreclosure proceeding where the foreclosure and sale of his property was approved, under Fed. R. Civ. P. 12(b)(1) and the *Rooker-Feldman* doctrine, this action must be dismissed . . . for lack of subject matter jurisdiction.

*See id.*[5]

Under the *Rooker-Feldman* doctrine, a federal court cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Moreover, under this doctrine, a plaintiff cannot commence a federal action that "'(1) directly

---

[5] The Court notes that, although Plaintiff's claims against Defendants are based, at least in part, upon an allegedly "procedurally defective tax lien," the foreclosure proceedings relating to that property were not the result of a tax lien, which Plaintiff has admitted does not appear to exist, but were the result of Plaintiff's failure to tender monthly payments that he was required to make to Defendant EMC under the terms of a Note and Mortgage. *See* Affidavit of Mary A. Ott, sworn to September 9, 2005, at ¶¶ 7-16.

challenges a state court holding or decision; or (2) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court's action was unconstitutional.'" *Parra v. Greenpoint Mortgage Co.*, No. Civ. A. 01-CV-02010, 2002 WL 32442231, *2 (E.D.N.Y. Mar. 26, 2002) (quoting *Feldman*, 460 U.S. at 486).

After Plaintiff defaulted on the terms of the Note and Mortgage by failing to tender monthly payments to EMC on September 1, 1999, and continuing each month thereafter, Defendant EMC notified Plaintiff that it was exercising its right under the Note and Mortgage to accelerate the time for payment of all sums due under the Note and that unless Plaintiff paid the entire unpaid principal balance of the Note within thirty days, Defendant EMC would exercise all legal remedies, including seeking foreclosure of the property. *See* Affidavit of Mary A. Ott, sworn to September 9, 2005 ("Ott Aff."), at ¶ 7.[6] Thereafter, on December 12, 2001, Defendant EMC filed a summons and verified complaint against Plaintiff and other interested parties seeking foreclosure of the subject property. After Plaintiff filed several motions, all of which the state court denied, Defendant EMC moved for execution of judgment of foreclosure and sale. *See id.* at ¶ 14. In response, Plaintiff cross-moved to stay judgment of foreclosure and sale and to remove the action to federal court, claiming that as a result of tax liens that the United States had imposed on the property pursuant to his criminal conviction for mail fraud and money

---

[6] Originally, The Addison Mortgage Group, Inc. loaned Plaintiff and his wife $200,000 evidenced by an adjustable rate note. *See* Ott. Aff. at Exhibit "B." As security for the Note, Plaintiff and his wife provided Addison with a mortgage on certain property that they owned. *See id.* Subsequently, Addison assigned the mortgage to Washington Square Mortgage Company, ReliaStar Bankers Security Life Insurance Company, and then, in November 15, 2001, the note was assigned to Defendant EMC. Defendant EMC notified Plaintiff that, beginning March 1, 2001, he should make all payments directly to Defendant EMC. *See id.* at ¶ 5.

laundering, the federal court had exclusive jurisdiction over the foreclosure proceeding. *See id.* The state court denied Plaintiff's cross-motion and on March 19, 2004, ordered that Plaintiff's property be sold at a public auction at the Onondaga County Courthouse under direction of James Dwyer as referee. *See id.* at ¶ 15. The Supreme Court held that Defendant EMC had properly served Plaintiff, that Plaintiff had appeared and defended the action, that the sum of $215,829.27 was due to Defendant EMC, and that the property could not be sold in parcels. *See id.* at ¶ 15 & Exhibit "G." Finally, pursuant to this Order, on June 22, 2004, the property was sold to Defendant EMC at a public auction. *See id.* at ¶ 16 & Exhibit "H."

Plaintiff does not dispute Defendant EMC's account of what occurred in the state foreclosure action. Nor does he argue that he did not participate in those proceedings. Nonetheless, Plaintiff alleges that Defendant EMC participated in a fraudulent conveyance. In order for the Court to consider this claim, it "would be required to examine the validity of the . . . [state court's] judgment of foreclosure and of the subsequent order issued by the state court . . . . The *Rooker-Feldman* doctrine [however] bars just such a review." *Grogan v. Maroney*, No. Civ A 97-CV-912, 1998 WL 135222, *6 (N.D.N.Y. Mar. 5, 1998). Moreover, the fact that Plaintiff alleges fraud does not make the *Rooker-Feldman* doctrine inapplicable. *See Smith v. Wayne Weinberger, P.C.*, 994 F. Supp. 418, 424 (E.D.N.Y. 1998) ("The fact that the plaintiff alleges that the State Court judgment was procured by fraud does not remove his claims from the ambit of *Rooker-Feldman*"); *Dockery v. Cullen & Dykman*, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000), *aff'd* 2 Fed. Appx. 78 (2d Cir. Jan. 10, 2001) (finding that federal court lacks jurisdiction over claim that foreclosure was fraudulently obtained). Accordingly, the Court grants Defendant EMC's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure and the *Rooker-Feldman* doctrine.[7]

### C. Defendant United States' motion to dismiss

As Defendant United States notes, the gravamen of Plaintiff's claims against it appears to be based upon the fact that Defendant United States "filed a judgment lien in a criminal action against [P]laintiff and that the judgment lien prevented [him] from conveying or otherwise utilizing certain real and, perhaps, personal property." *See* Defendant United States' Memorandum of Law at 1.

More specifically, Defendant United States explains that, after Plaintiff was convicted of mail fraud, false statements, criminal monetary transactions, money laundering, structuring and contempt of court, the Court sentenced him to a period of incarceration followed by supervised release and ordered him to pay a special assessment of $2,600.00 and restitution in the total amount of $688,278.57. *See id.* at 1-2. Defendant United States filed a Notice of Lien relating to this judgment in the Office of the Onondaga County Clerk, Syracuse, New York, on or about May 9, 2001, and filed an addendum to that notice on or about July 5, 2001. *See id.* at 2. Defendant United States took no further action against any properties to which its lien may have attached because it concluded that other creditors had filed prior liens the satisfaction of which would leave no surplus against which it could claim. *See id.* Plaintiff never challenged the validity of Defendant United States' lien as against any property in which he claimed an interest.

---

[7] Since Plaintiff does not contest the fact that neither Defendant Principal Residential Mortgage, Inc. nor Defendant Reliastar Mortgage Corporation had any interest in the subject property at any time relevant to this law suit and, therefore, could not provide Plaintiff with any of the relief that he seeks, the Court grants their motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief could be granted.

*See id.*

Defendant United States has a statutory duty to collect unpaid fines or restitution imposed against the defendants in criminal sentences. *See* 18 U.S.C. § 3612(c). Moreover, 18 U.S.C. § 3613(a) authorizes Defendant United States to enforce criminal judgments in accordance with the practices and procedures for the enforcement of civil judgments under federal or state law. Fines and restitution are liens in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. *See* 18 U.S.C. § 3613(c). Finally, Defendant United States is authorized to file a notice of lien "in the manner in which a notice of tax lien would be filed under Section 6323(f)(1) and (2) of the Internal Revenue Code of 1986. . . ." 18 U.S.C. § 3613(d).

Thus, by filing a Notice of Lien in the County of Onondaga's Clerk's Office, which did not identify any particular parcel of property but simply provided notice to others that there was a judgment against Plaintiff, Defendant United States did exactly what it was statutorily required to do. Accordingly, the Court grants Defendant United States' motion to dismiss for failure to state a claim upon which relief could be granted.

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Onondaga County's motion to dismiss Plaintiff's claims against the County of Onondaga and Karen Carney is **GRANTED**; and the Court further

**ORDERS** that Defendant EMC's motion to dismiss Plaintiff's complaint against it is **GRANTED**; and the Court further

**ORDERS** that Defendant United States' motion to dismiss Plaintiff's claims against it is **GRANTED**; and the Court further

**ORDERS** that the State Defendants' motion to dismiss Plaintiff's claims against them is **GRANTED**; and the Court further

**ORDERS** that Defendants Principal Residential Mortgage Inc. and Reliastar Mortgage Corporation's motion to dismiss Plaintiff's claim against them is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: March 30, 2007
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge